IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

LEE MOORE                                                                                    PLAINTIFF

vs.                                                        CIVIL ACTION NO. 2:10-cv-0086-KS-MTP

INTERNATIONAL FILING COMPANY, LLC                                          DEFENDANT

## **MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Plaintiff Moore's Motion for Class Certification [Doc. # 6] (June 9, 2010). The motion is unopposed. For the reasons stated below, the motion should be **granted**.

## I. FACTS

Defendant International Filing Company, LLC ("IFC") closed its plant in Hattiesburg, Mississippi, on April 16, 2010. Before closing, IFC was experiencing financial troubles and its largest creditor, PNC Financial Corporation, required them to hire a consultant. Rick Kazmier from Morris Anderson was hired for the job in March 2010 and was given the title of Chief Reconstruction Officer. Though Kazmier was given the authority of the CEO, we was unable to turn the company around, and the Hattiesburg plant was shut down without notice to its employees. PNC is currently in operational control of IFC and is liquidating its assets to pay itself for outstanding loans. As a result of the closing, 237 employees were terminated immediately and another 25 were told that they would be terminated after liquidation was completed. *See* Pl.'s Mot. 3.

Moore filed a class action suit on behalf of himself and the other IFC employees on April 20, 2010, for violation of the Worker Adjustment and Retraining Notification Act ("WARN

1

Act"), 29 U.S.C. § 2101 *et.seq.*, and breach of contract for failure to pay banked and accrued paid time off ("PTO"). The WARN Act states that "[a]n employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order . . . to each affected employee." 29 U.S.C. § 2102(a)(1).[1] If the employer fails to give the requisite notice, the aggrieved employees may bring a civil action seeking back pay and benefits for a maximum of 60 days.[2] 29 U.S.C. § 2104(a)(1). "A person seeking to enforce such liability . . . may sue either for such person or for others persons similarly situated, or both, in any district court of the United States for any district in which the violation is alleged to have occurred, or in which the employer transacts business." 29 U.S.C. § 2104(a)(5).

As to the breach of contract claim, the Plaintiff claims that IFC owed employees for PTO. IFC had an older carry-over policy allowing for banked PTO. This time could not be used for leave, but instead was paid upon retirement or separation from the company. Although this policy was not in effect when the business closed, the policy applied to several senior employees. More recently, IFC offered accrued PTO policy, under which employees accrued time off that could be taken for leave for any reason. Plaintiff complains that IFC breached its contract with its employees by failing to pay employees PTO after the plant closing.

---

[1]Under the Act, the term "employer" means any business enterprise that employs 100 or more full-time employees or 100 or "100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of hours of overtime)." 29 U.S.C. § 2101(1). A "plant closing" is defined as "the permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units within a single site of employment, if the shutdown results in an employment loss at the single site of employment during any 30-day period for 50 or more employees excluding any part-time employees." 29 U.S.C. § 2101(2).

[2]The WARN Act also requires notice to the state entity responsible for rapid response activities and thechief elected official of the local government. 29 U.S.C. § 2102(a)(2). An employer who violates this notice provision may be liable for civil penalties. § 2104(a)(3).

2

IFC failed to answer the complaint, and the clerk entered default on May 13, 2010. Plaintiff is now seeking class certification under FED. R. CIV. P. 23 so that a judgment may be entered for the entire class.

## II. LAW

"The party seeking class certification bears the burden of meeting all the Rule 23 requirements." *Langbecker v. Electronic Data Systems Corp.,* 476 F.3d 299, 306 (5th Cir. 2007) (citing *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479-80 (5th Cir. 2001)). Before the Court may certify a class, the plaintiff must demonstrate four prerequisites: numerosity, commonality, typicality, and adequacy of representation. FED. R. CIV. P. 23(a).[3] Once these prerequisites are met, the plaintiff must show that the action qualifies under at least one of the three categories of Rule 23(b). Here, Moore is seeking to certify the case under Rule 23(b)(3) since they are seeking money damages. Under Rule 23(b)(3), the plaintiff must show that (1) "questions of law or fact common to class members predominate over any questions affecting

---

[3]

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

only individual members," and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

A Court should not certify a class simply because the motion to certify is unopposed or the complaint unanswered. *See, e.g.*, *Davis v. Hutchins*, 321 F.3d 641, 648-49 (7th Cir. 2003) (finding that despite general principle that complaint's allegations are deemed admitted upon default, court still has independent duty to determine if Rule 23 requirements have been met).

### III. ANALYSIS
#### A. Rule 23(a) Threshold Requirements

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). The rule does not require a certain number of members to satisfy numerosity. *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999) (citing 1 Newberg on Class Actions § 3.05, at 3-25 (3d ed. 1992) (suggesting that any class consisting of more than forty members "should raise a presumption that joinder is impracticable")). The court may consider other factors, including geographic dispersion, the ease of identifying members, the nature of the action, and the size of each plaintiff's claim, when determining whether joinder is impracticable. *Id.* at 624-25. Here, the class could include the 237 employees terminated on the day the plant closed as well as the 25 employees that were advised they would be terminated after the liquidation. Although the potential class members may have remained in the Hattiesburg area and should be easily identifiable through employment records, the number of class members and the relatively small size of their claims, two months' pay and paid time off, make joinder somewhat impracticable.

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). Here, the most obvious question of law is whether or not Defendant was required to give 60-day notice of the plant closing under the WARN Act. The Court will be required to address whether Defendant was contractually obligated to pay PTO after the closing. Finally, the Court will address common questions of fact, such as whether Defendant met the definition of an "employer" under the WARN Act, what policies were in place at the time of the plant closing, and what actions were taken to save the company before the plant closing.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). The test for typicality is not a demanding one. *Lightbourn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997). "Typicality focuses on the similarity between the named plaintiffs' legal and remedial theories and the legal and remedial theories of those whom they purport to represent." *Id.* (citing *Flanagan v. Ahearn (In re Asbestos Litig.)*, 90 F.3d 963, 976 (5th Cir. 1996)). In this case, the named plaintiff, Lee Moore, was terminated on the same date as the other proposed class members and was subject to the same PTO policies in question, and therefore would be advancing similar legal and remedial theories. Lee Moore worked for the plant for nearly 22 years and had both banked and accrued PTO. Because the class members were all subject to the same act and are advancing the same legal theories, the typicality requirement is satisfied.

Finally, Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). There are no antagonistic interests between the proposed class members and the plaintiff's counsel, Mike Farrell, is highly qualified and competent to act in the best interest of the class. Thus far, Mr. Farrell has diligently sought

class certification and relief under the WARN Act. The threshold requirement of adequate representation has been met.

### B. Rule 23(b)(3) Requirements

In this case, common questions of law and fact predominate over individual issues. When "common questions predominate regarding liability, then courts generally find the predominance requirement to be satisfied even if individual damages issues remain." *Smilow v. Southwestern Bell Mobile Systems, Inc.*, 323 F.3d 32, 40 (1st Cir. 2003). As noted above, the common issues of law are whether the WARN Act applies and whether the company is contractually obligated to pay workers for PTO. Since the claims arise out of one action taken by the employer that affected all the employees, there will also be many common questions of fact. Indeed, the well-pleaded allegations of facts are admitted due to Defendant's default. *See Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The only individual issues will be calculation of the damages to each individual member based on their pay rate, and whether they fell under the old plan allowing for banked PTO or the new plan allowing for accrued time off. Because resolution of the common issues will greatly advance the resolution of the claims, the common issues clearly predominate over the individual issues.

Finally, the court finds that a class action is a superior means in resolving the issues presented after consideration of the factors outlined in Rule 23(b). The Court should consider:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

>    (C) the desirability or undesirability of concentrating the litigation of the claims
>    in the particular forum; and
>
>    (D) the likely difficulties in managing a class action.

FED. R. CIV. P. 23(b)(3)(A-D). Here, the damages, if any, will be mechanical calculations of sixty days pay and PTO accrued or banked. The Court and counsel are not aware of any other litigation involving the plant closing. The forum is appropriate because the plant at issue was in Hattiesburg, and it stands to reason that most employees would still be in the Hattiesburg area less than three months after the plant closing. Finally, Mr. Farrell has indicted that he has already taken steps to ascertain potential class members, gather payroll records, and meet with former employees of International Filing Company. Therefore, the Court does not predict or recognize any management issues with a class action.

Rule 23(c) requires that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." FED. R. CIV. P. 23(c)(2)(B). Despite the language of the rule, the court has broad discretion to fashion notice to the class and may order one of the parties to perform necessary tasks. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 n.21 (1978); 5 MOORE'S FEDERAL PRACTICE, § 23.63[7] (Matthew Bender 3d ed. 2000). "Notice is given in the name of the court, although one of the parties typically prepares and distributes it." MANUAL FOR COMPLEX LITIGATION (FOURTH) §21.31.

Class counsel has stated that: "In response to a subpoena for payroll records, the defendants produced a spreadsheet with the names and addresses of all employees. . . ." Mot. 12 [# 6]. The Court directs class counsel to send notice by first class mail to each potential class

member no later than July 22, 2010. The draft "Notice to the Class" submitted by class counsel is approved with the following changes:

> 1) The notice should list class counsel's contact information including mailing address and telephone number;
>
> 2) The class members should be given until August 21, 2010, to opt out; and
>
> 3) opt-out forms should be returned to class counsel.

A corrected copy of the Notice of Claim form should be submitted to the Court for final approval before mailing. After the opt-out deadline has passed, class counsel should file a pleading with the Court listing the class members who opted out of the class, with the opt-out forms attached as exhibits.

## IV. CONCLUSION

Plaintiff has demonstrated that the proposed class satisfies the Rule 23 requirements. IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Class Certification [Doc. # 6] is hereby **granted**.

The class certified herein is defined as follows: All persons who were employed by International Filing Company, LLC's Hattiesburg plant as of April 16, 2010, who lost their jobs on that day as a result of the plant closing or who will soon lose their jobs after the liquidation of assets is complete and who do not file a timely request to opt out of the class.

The named class representative is Lee Moore. The counsel of named plaintiff is counsel for the class.

The revised notice to the class members should be submitted to the Court for final

approval.  Following the Court's approval, notice of the pendency of this action should be sent by first class mail by class counsel to each member of the class.

SO ORDERED AND ADJUDGED this the 8th day of July, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE